IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 |
| SHELLY D. OGILVIE, : | |
| : | CASE NO. 5-14-bk-04858 RNO |
| Debtor : | |

***

| | |
|---|---|
| SHELLY D. OGILVIE, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| NATIONSTAR MORTGAGE LLC, : | |
| PHELAN HALLINAN, LLP, MERS and : | |
| UNKNOWN JOHN AND JANE DOES, : | |
| : | |
| Defendants : | ADVERSARY NO. 5-15-ap-00008 RNO |

# OPINION

The Pro Se Chapter 7 Plaintiff filed a Complaint alleging that the Defendants' wrongful actions led to a prior state court judgment in mortgage foreclosure. I will grant the Defendants' Motions to Dismiss for lack of subject matter jurisdiction.

**I.    Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

**II.    Procedural History**

Shelly D. Ogilvie ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 21, 2014. The Chapter 7 Trustee's Report of No Distribution was filed on December 8, 2014.

The Debtor commenced this Adversary Proceeding on January 12, 2015, when she filed a twenty-five page Complaint. The named Defendants are Nationstar Mortgage LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Phelan Hallinan LLP ("Phelan").

The Complaint alleges the invalidity of a mortgage filed against the Debtor's residential real property and serviced by Nationstar. The requested relief includes rescission, as well as the award of damages against the Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA").

On March 17, 2015, the Defendants, Nationstar and MERS, filed their Motion to Dismiss the Complaint ("Nationstar/MERS Motion"). On April 10, 2015, Phelan filed its Motion to Dismiss the Complaint ("Phelan Motion"). Both Motions ("Motions to Dismiss") principally argue that the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine. The Motions to Dismiss also argue that the Complaint fails to meet the plausibility standards imposed by Federal Rule of Bankruptcy Procedure 7012(b)(6) and that the FDCPA claims are time-barred under the applicable statute of limitations. I have determined that the lack of subject matter jurisdiction argument is dispositive. Bankruptcy Judge Gross has written, "[t]he concept of judicial restraint compels the Court to decide only those issues necessary to grant effective relief." *In re Midway Games, Inc.*, 428 B.R. 327, 335 (Bankr. D.Del. 2010). Therefore, in the exercise of judicial restraint, I will largely confine the remainder of this Opinion to the application of the *Rooker-Feldman* Doctrine to this Adversary Proceeding.

Briefs were submitted in support of and in opposition to the Motions to Dismiss. The Motions to Dismiss were scheduled for a hearing, which was held on June 11, 2015. Counsel for

2

Nationstar and MERS, as well as counsel for Phelan appeared and argued in support of their respective Motions to Dismiss. The Debtor did not appear at the hearing on the Motions to Dismiss.

The Debtor's brief in opposition to the Motions to Dismiss includes, "[t]he Rooker-Feldman Doctrine is inapplicable to this case." Pro Se Plaintiff's Brief in Support of Her Opposition to the Motion to Dismiss the Adversary Complaint with Prejudice 5, May 22, 2015, ECF No. 33. The Debtor argues that since her home has not yet been sold at sheriff's sale, she has not yet been injured by the pre-petition judgment in mortgage foreclosure.

Federal Rule of Evidence allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events as well as facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, *12, n.19 (Bankr. E.D.Pa., Jan. 11, 1991). Further, a bankruptcy court may take judicial notice of its own records, as well as the records of other courts in related matters. *In re Meltzer*, 516 B.R. 504, 506 n.2 (Bankr. N.D.Ill. 2014); *SG & Co. N.E., LLC v. Good*, 461 B.R. 532, 535 n.3 (Bankr. N.D.Ill. 2011). I will take judicial notice of the docket entries in the underlying Chapter 7 case, as well as the docket entries in this Adversary Proceeding. I will also take judicial notice of the docket entries in an action captioned *Nationstar Mortgage LLP, Plaintiff v. Shelly Ogilvie, Defendant*, No. 2012-cv-418 filed in the Court of Common Pleas of Lackawanna County ("State Foreclosure Action"). I also take judicial notice of the docket entries concerning the appeal of the State Foreclosure Action to the Pennsylvania Superior Court filed to docket number 784 MDA 2014.

3

**III.     Discussion**

   **A.     Review of Pro Se Pleadings**

The pleadings of pro se litigants are construed liberally.  Such pleadings, "however inartfully pleaded," are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 92 S.Ct. 594, 596 (1972); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).  Nevertheless, "a court need not credit a complaint's bald assertions or legal conclusions." *Burrell v. Ross*, 2013 WL 3097320, *3 (M.D.Pa., June 18, 2013) citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Even with a relaxed pleading standard, I find it difficult to discern the intended meaning of some of the Complaint's provisions.  For example, paragraph 2 of the Complaint begins:

> 2.     The defendant NATIONSTAR MORTGAGE, LLC., (hereinafter referred to as defendant NM), by and through its officers, agents, employees, sub-contractors, etc., that NM claims that they are the owners or creditor of the unproduced the Plaintiff(s) SO [Shelly Ogilvie] Mortgage and Mortgage/Promissory Notes.  The defendant NM has not produced its contractual agreement including and not limited to the valid "Chain of Title" or the Original Mortgage (M) and Mortgage/Promissory Note (M/PN) to prove their claim as creditor having maintained full servicing rights.  The defendant NM is operating through a respondeat authority, champertous, apparent authoritative and maintenance relationship with PHELAN HALLINAN, LLP., (hereinafter referred to as defendant PH) and defendant NM is controlling the actions of defendant PH directly controlling, ordering, dictating, guiding, supervising, instructing, approving and supporting the actions of all other defendants named and yet unnamed.

Adversary Complaint ¶ 2, January 12, 2015, ECF No. 1.

A portion of paragraph 3 of the Complaint reads, "[t]he defendants NM, OM, PH and PH

4

have committed fraud, fraud upon this court and the Plaintiff(s) SO, as well as, the American people. . . ." *Id*. at ¶ 3. Paragraph 4 of the Complaint alleges, in part, "[t]he defendant NM lacks prudential and constitutional standing and NM is not the real party in interest entitled to any judgment, as a matter of law." *Id.* at ¶ 4. After review, one wonders if the Complaint reflects the Debtor's own words, or if she borrowed language from unacknowledged sources. I was unable to question the Debtor regarding this because she failed to appear at the June 11, 2015, hearing on the Motions to Dismiss.

        **B.**        **Rule 12(b)(1) Motion to Dismiss Procedure**

Federal Rule of Civil Procedure 12(b)(1) is applicable to bankruptcy adversary proceedings. Fed. R. Bankr. P. 7012(b)(1). The Rule provides that the defense of lack of subject matter jurisdiction may be raised by motion. *CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008); *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).

Federal courts are courts of limited jurisdiction. Rule 12(b)(1) provides that a federal court may dismiss a complaint for lack of subject matter jurisdiction. Such a motion challenges the power of the federal court to hear a claim or case. *Democracy Rising PA v. Celluci*, 603 F.Supp.2d 780, 788 (M.D.Pa. 2009). The court may consider the lack of subject matter jurisdiction at any time. Fed. R. Bankr. P. 7012(h)(3).

The Motions to Dismiss here have each been filed as a Rule 12(b)(1) challenge to the Court's subject matter jurisdiction. Such a challenge to subject matter jurisdiction can be either a facial or a factual attack. A "facial attack" contests the sufficiency of the pleadings. *Common Cause of PA v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). For purposes of a facial attack, the court accepts as true all well-pleaded factual allegations, viewing them in the light most

5

favorable to the party asserting jurisdiction. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 561 (3d Cir. 2005).

Contrastingly, there can also be a "factual attack" challenge to the court's subject matter jurisdiction. In a factual attack, the face of the pleadings satisfy the jurisdictional requirements. However, at least one of the allegations is demonstrably untrue, negating the court's jurisdiction. When there is a factual attack, the court may look beyond the four corners of the complaint and weigh evidence to determine if it has jurisdiction. *In re AE Liquidation, Inc.*, 435 B.R. 894, 900 (Bankr. D.Del. 2010); *Cunningham v. Lenape Regional High Dist. Bd. of Educ.*, 492 F.Supp.2d 439, 447 (D.N.J. 2007). I view the Motions to Dismiss as facial attacks. I will, therefore, view any facts pled in the Complaint in the light most favorable to the non-moving party, the Debtor.

### C. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine bars a party who loses in state court from seeking relief from the judgment in a lower federal court. This stems from the principle that the United States Supreme Court is the only federal court vested with the authority to reverse or modify a final state court judgment. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S.Ct. 1517, 1522 (2005). Pursuant to the *Rooker-Feldman* Doctrine, federal courts generally lack subject matter jurisdiction to engage in appellate review of state court determinations. *Reisinger v. Luzerne County*, 712 F.Supp.2d 332, 345 (M.D.Pa. 2010).

The Third Circuit Court of Appeals clarified *Exxon*'s requirements for application of the *Rooker-Feldman* Doctrine. The Third Circuit has noted that four requirements must be met for the Doctrine to apply: (1) the plaintiff lost in state court; (2) the plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal

suit was filed; and (4) the plaintiff invites the federal court to review and reject the state court judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010); *Cain-Griffin v. New Jersey*, 2015 WL 1497006, *1 (D.N.J. Mar. 31, 2015).

### D. Rescission and Invalidity of Note Claims

First, I take judicial notice concerning the status of the State Foreclosure Action. Summary judgment was entered in favor of Nationstar and against the Debtor on April 2, 2014. The Debtor's appeal to the Pennsylvania Superior Court was stayed for a period of time due to the filing of a Suggestion of Bankruptcy regarding the underlying Chapter 7 case. On May 4, 2015, the Pennsylvania Superior Court affirmed the grant of summary judgment in favor of Nationstar.

Based upon the above, I conclude that the first and third elements of the *Great Western Mining* test for application of the *Rooker-Feldman* Doctrine have effectively been met. The remaining two elements are: (2) is the debtor complaining of injuries caused by the state court judgment; and (4) is the debtor inviting the bankruptcy court to review and reject the state court judgment?

In numerous instances, the Complaint asserts that the original underlying mortgage note had to be produced in the State Foreclosure Action. Adversary Complaint ¶¶ 52(a); 52(d); 52(I); 52(j), January 12, 2015, ECF No. 1. Part of what I will refer to as the Debtor's state law cause of action seems to be the following. The original note had to be produced in the State Foreclosure Action and it was allegedly not produced. This makes the mortgage foreclosure judgment invalid and should allow the Debtor to rescind the loan transaction. I note that the Complaint includes a demand for "outright rescission of any contracts . . . ." Adversary Complaint 23, ¶ a.,

7

January 12, 2015, ECF No. 1. Numerous decisions have held that an allegation that there was no right to foreclose essentially attacks the underlying state court judgment of foreclosure. The Third Circuit considered a complaint which alleged that the bank had no right to foreclose, alleging it had committed "criminal acts" by enforcing the foreclosure judgment. These claims were found to be essentially attacks on the state court judgment and barred by the *Rooker-Feldman* Doctrine. *Gage v. Wells Fargo Bank, NA AS*, 521 Fed.Appx. 49, 50-51 (3d Cir. 2013); *also see Reiter v. Washington Mut. Bank*, 455 Fed.Appx. 188, 190 (3d Cir. 2011) (district court lacked subject matter jurisdiction to review mortgage foreclosure proceedings based upon an alleged denial of due process).

The *Rooker-Feldman* Doctrine applies to federal bankruptcy courts. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009). In the words of Bankruptcy Judge Fitzgerald, "the [*Rooker-Feldman*] doctrine has been properly, and repeatedly, applied in bankruptcy courts." *In re Washington*, 469 B.R. 587, 593 (Bankr. W.D.Pa. 2012).

I find that it is the judgment in the State Foreclosure Action which the Debtor essentially complains about, and challenges. Further, the Debtor's ultimate injury - loss of her residential property through execution on the judgment in foreclosure - stems from the state court judgment.

I conclude that the Debtor is complaining about injury caused by the State Foreclosure Action. I also take judicial notice that on January 5, 2015, Nationstar was granted relief, in the underlying Chapter 7 case, to proceed against the premises secured by the underlying mortgage. This Adversary Proceeding was filed one week after the grant of relief from the automatic stay. This reinforces my conclusion that the Debtor is complaining of injury caused by the judgment entered in the State Foreclosure Action. This satisfies the second element of the *Great Western*

8

*Mining* test.

I conclude that the Complaint also invites me to review and reject the judgment which was entered in the State Foreclosure Action. Under Pennsylvania law, when a judgment in mortgage foreclosure is entered, the underlying mortgage is merged into the foreclosure judgment. *City of Philadelphia v. Philadelphia Transload & Logistics, LLC*, 2012 WL 8681526, *3 (Pa.Cmlth. Mar. 15, 2015). A mortgage foreclosure judgment determines all the matters involved in the right to recover under the mortgage, not only matters that were raised, but also those which might have been raised. *In re Stendardo*, 991 F.2d 1089, 1094-95 (3d Cir. 1993). Further, counterclaims which raise issues as to the mortgage itself, such as fraud or wrongful foreclosure, can be asserted in a Pennsylvania foreclosure action. *Easley v. New Century Mortgage Corp.*, 394 Fed.Appx. 946, 949 (3d Cir. 2010). This supports a finding that the Debtor has not presented an independent claim which could not have been raised in the State Foreclosure Action.

A mortgagor filed a complaint in federal court to "avoid foreclosure." The defendants had already obtained a judgment in mortgage foreclosure. The plaintiff requested the federal court to require the defendant to ". . . prove clear transfer of title, ownership, and [to] honor" a modified mortgage payment agreement. District Judge Savage found that granting such relief would constitute rejection of the state court foreclosure judgment. The complaint was dismissed as being barred by the *Rooker-Feldman* Doctrine. *Stephens v. Zucker, Goldberg & Ackerman LLC*, 2014 WL 4744550, *3 (E.D.Pa. Sept. 24, 2014); *also see In re Schmid*, 494 B.R. 737, 749

9

Case 5:15-ap-00008-RNO    Doc 42    Filed 07/07/15    Entered 07/07/15 10:11:02    Desc
Main Document      Page 9 of 15

(Bankr. W.D.Wisc. 2013) (*Rooker-Feldman* Doctrine barred debtor from belatedly arguing that a mortgagee lacked standing, after it had obtained a mortgage foreclosure judgment in state court).

If this Court were to entertain the relief requested by the Debtor, it would represent an implicit rejection of the judgment in the State Foreclosure Action. I conclude that inherent to the relief requested would be reversal of the judgment in the State Foreclosure Action. Therefore, I find that the fourth element under *Great Western Mining* for the application of the *Rooker-Feldman* Doctrine barring the state law cause of action has been satisfied.

### E. FDCPA Claims

The FDCPA is codified at 15 U.S.C. § 1692, et seq. The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors after Congress found evidence of deceptive and unfair tactics being used by debt collectors. *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011). The FDCPA is remedial legislation and must be broadly construed to give full effect to its purposes. *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

It is important to remember that the FDCPA does not apply to a creditor acting to collect its own debt. 15 U.S.C. § 1692a(6). The FDCPA's provisions apply only to third party debt collectors. The Act does not apply to a creditor who is collecting its own debt. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *Ghaffari v. Wells Fargo Bank, N.A.*, 2014 WL 6606611, *6 (M.D.Pa. Nov 19, 2014); *In re Angulo*, 2010 WL 1727999, *8 (Bankr. E.D.Pa. Apr. 26, 2010). This strongly suggests that the Debtor has failed to state an FDCPA claim against the Defendant, Nationstar, the servicer of the mortgage. However, I need make no finding concerning this due to my ultimate disposition of the Complaint.

A law firm, which files a foreclosure complaint to collect a debt owed to its client, is a "debt collector" subject to the provisions of the FDCPA. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 176-77 (3d Cir. 2015); *Giles v. Phelan, Hallinan & Schmeig, L.L.P.*, 901 F.Supp.2d 509, 527 (D.N.J. 2012). Thus, Phelan acted as debtor collector in the State Foreclosure Action.

An FDCPA action may be brought in federal or state courts. 15 U.S.C. § 1692k(d). Unless a federal statute grants exclusive jurisdiction to federal courts, state courts have concurrent jurisdiction to hear the claims under the federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 750 (2012) (construing the Telephone Consumer Privacy Act, 47 U.S.C. § 227); *Itri v. Equibank, N.A.*, 464 A.2d 1336, 1343 (Pa.Super. 1983) (claims under the FDCPA are not restricted to federal forums). A learned commentary includes, "[a] court of common pleas has subject matter jurisdiction to hear a claim under the Fair Debt Collection Practices Act, which created concurrent jurisdiction in state and federal courts." Standard Pennsylvania Practice § 2:185. I find it significant that the Debtor could have sought redress for any alleged FDCPA violation in state court.

I have already concluded that the Debtor's state law cause of action is barred by the *Rooker-Feldman* Doctrine. A more nuanced issue is whether the *Rooker-Feldman* Doctrine bars the Debtor's claims that she pleads as being based upon the FDCPA. I agree with other courts that the answer lies in the alleged facts and conclusions which underpin the alleged violations of the Act. Alleged violations which assert the invalidity of a debt, which a state court has determined to be valid, are barred by the *Rooker-Feldman* Doctrine. Conversely, alleged violations which assert specific acts by a debt collector, in violation of the FDCPA, are not barred by *Rooker-Feldman*.

11

Bankruptcy Judge Deller considered the Chapter 13 debtors' adversary proceeding in which they sought to rescind their mortgage and recover damages for alleged violations of the FDCPA and other consumer lending statutes. The court found that the *Rooker-Feldman* Doctrine barred the action. Judge Deller noted, "[i]n seeking rescission of the Loan through the Complaint, it is clear that the Debtors are challenging the effect of a state court judgment and seeking its reversal regardless of the verbiage used to describe their attempt." The purported cause of action for rescission of the loan was dismissed. *In re Stewart*, 473 B.R. 612, 633 (Bankr. W.D.Pa. 2012); *In re Schmid,* 494 B.R. at 746. Other decisions also focus on the gravamen of the federal court complaint. Final judgment in foreclosure was entered against the plaintiff and a scheduled sheriff's sale was stayed by his Chapter 13 bankruptcy filing. The debtor sought relief under the FDCPA and other consumer lending statutes. District Judge Rosenberg found that ". . . Plaintiff's contention is in essence that the state foreclosure was improperly granted." Some of the allegations of the complaint were that the mortgage was "null and void" and that the defendant/mortgagee "did not possess an enforceable promissory note." The court applied the *Rooker-Feldman* Doctrine and dismissed the complaint for lack of subject matter jurisdiction. *Blum v. Glen Garron, LLC*, 51 F.Supp.3d 1286, 1288-89 (S.D.Fla. 2014).

A plaintiff sued a law firm in federal court alleging, in part, a violation of the FDCPA. Previously, a state court judgment had been obtained against the plaintiff and the state court had issued a writ of execution against him. The court found that the plaintiff was essentially disputing the amount of the original judgment. District Judge Ware noted, "[t]o evaluate Plaintiff's claim, the Court must determine the validity of the $1869.00 debt recognized by the state court in the May 2009 Writ of Execution." The complaint was dismissed for lack of subject

12

matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine. *Fleming v. Gordon and Wong Law Group, P.C.*, 723 F.Supp.2d 1219, 1223 (N.D.Cal. 2010).

I view the subject Complaint as an attempt to use the FDCPA to attack the underlying debt and the judgment entered in the State Foreclosure Action. Paragraph 36 of the Complaint alleges that Phelan failed to investigate whether Nationstar was "in legal possession" of the underlying note and had the right to enforce the note in a foreclosure action. Adversary Complaint ¶ 36, January 12, 2015, ECF No. 1. Paragraph 38 of the Complaint alleges that Phelan is attempting to collect ". . . upon an [sic] fraudulently obtained Promissory and Mortgage Note(s) . . . ." Adversary Complaint ¶ 38, January 12, 2015, ECF No. 1. I conclude that my consideration of these allegations would undercut and implicitly reject the judgment entered in the State Foreclosure Action. Also, the Debtor has not alleged that Phelan made a false communication or engaged in other collection practices which would be a specific violation of the FDCPA. *McCammon v. Bibler, Newman & Reynolds, P.A.*, 493 F.Supp.2d 1166, 1169-70 (D.Kan. 2007) (*Rooker-Feldman* Doctrine did not bar claims against a debt collector who allegedly used false, deceptive, and misleading representations in connection with the collection of a debt); *also see Rivera v. Ragan & Ragan, P.C.*, 2010 WL 2635790, *4 (E.D.Pa. June 25, 2010).

I distinguish *McCammon* and *Rivera* from the case at bar. The heart of the Debtor's FDCPA claim is as follows. The original note had to be produced in the State Foreclosure Action and it allegedly was not produced. This somehow makes the mortgage foreclosure judgment invalid and shows that the Defendants violated the FDCPA. I conclude that this represents an attack on the final judgment which was entered in the State Foreclosure Action.

13

Rather than attacking the collection methods used by the Defendants, the Debtor continues to attack the underlying debt. This is illustrated by paragraph 70 of the Complaint which includes, "[t]he defendants . . . have violated [the FDCPA] by attempting to collect on a debt that defendants . . . and defendant [Nationstar] has not proven [Nationstar] has any legal right to collect any debt and NM's [sic] lacks standing to prosecuted [sic] this case." Adversary Complaint ¶ 70, January 12, 2015, ECF No. 1. Additionally, the prayer for relief includes rescission of "any contracts." The wherefore clause of the Complaint also alleges that the underlying mortgage note is "uncollectable, [sic] void and a nullity." Adversary Complaint p 24, ¶ h., January 12, 2015, ECF No. 1.

     I find that each of the four *Great Western Mining* factors apply with the same force to the FDCPA claims as they do to the state law cause of action. The Debtor attempts to guise her attack on the underlying debt as claims under the FDCPA. *Hua v. U.S. Bank Nat. Ass'n*, 2015 WL 1071606, *3 (E.D.Pa. Mar. 11, 2015) (casting an action as one under the FDCPA does not make it so). Again, she has not alleged misrepresentations or illegal actions by debt collectors, rather she continues to complain about the alleged absence and invalidity of the original note. These complaints were found wanting as part of the judgment in the State Foreclosure Action. I find there are grounds to dismiss the FDCPA claims in the Complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine.

## IV. Conclusion

Based upon all of the above, judgment will be entered granting the Nationstar/MERS Motion to Dismiss for lack of subject matter jurisdiction. The Phelan Motion to Dismiss for lack of subject matter jurisdiction will also be granted.

By the Court,

Date: July 7, 2015

Robert N. Opel, II, Bankruptcy Judge

(BI)